UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWARD CHARLES JENKINS,            No. C-12-3054 EMC (pr)

        Petitioner,

    v.                                             **ORDER TO SHOW CAUSE**

P. L. VASQUEZ (Warden),

        Respondent.
_____/

## I.    INTRODUCTION

       Edward Charles Jenkins, an inmate at North Kern State Prison, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## II.    BACKGROUND

       The petition and attachments thereto provide the following information: Jenkins was convicted in Santa Clara County Superior Court of two counts of failure to register as a sex offender within five days of moving into a new residence and one count of failure to inform law enforcement of a new address. Allegations that he had suffered prior convictions were found true. Jenkins was sentenced to a total of seven years and four months in prison.

       Jenkins appealed. The judgment of conviction was affirmed by the California Court of Appeal on January 25, 2012. He did not petition for review in the California Supreme Court.

Jenkins did, however, file petitions for writ of habeas corpus in state courts, including in the California Supreme Court. He then filed this action.

### III. DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges the following claims: (1) Jenkins' federal right to due process was violated by the improper jury instructions (a) on the California Penal Code § 290.011(b) offenses, (b) on the definition of willful, and (c) on the "actual duty to register," Docket # 1, p. 5; (2) his federal right to due process was violated by the use of California Penal Code § 290(b) "to charge petitioner with a Penal Code section 290.013 offense . . . where Penal Code section 290(b) statutorily *does not* define such crime," and by the improper jury instructions on the improper offense, *id.* at 7 (emphasis in source); (3) Jenkins was denied his federal constitutional right to effective assistance of counsel in that trial counsel failed to investigate and failed to file a motion under *Pitchess v. Superior Court*, 11 Cal. 3d 531 (Cal. 1974), Docket # 1, p. 8; and (4) Jenkins was denied his federal right to due process when he was sentenced to an unlawful and unauthorized term, *id.* at 10. Liberally construed, these claims are cognizable claims for habeas relief.

Jenkins also alleges that the errors described above violated his rights under state law. A "federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011) (citations omitted.) The Court may not grant habeas relief for state law errors. *Id.* Therefore, the state law claims are dismissed from this action.

### IV. CONCLUSION

For the foregoing reasons,

1. The petition's claims for violations of Jenkins' federal constitutional rights warrant a response.

2. The Clerk shall serve by mail a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

3. Respondent must file and serve upon Petitioner, on or before **December 20, 2012**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent on or before **January 31, 2013**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this Court for consideration in this case.

7. Petitioner's *in forma pauperis* application is **GRANTED**. (Docket # 2.)

IT IS SO ORDERED.

Dated: October 9, 2012

_____
EDWARD M. CHEN
United States District Judge